IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICIA CLAUDE          *
                         *
   v.                    *   Civil No. JFM-02-2511
                         *
HARBOR HOSPITAL CENTER   *
                       *****

MEMORANDUM

Plaintiff has brought this action for employment discrimination under 42 U.S.C. §1981. Discovery has been completed, and defendant has filed a motion for summary judgment. Plaintiff has not responded to the motion. The motion will be granted.

Plaintiff's employment was terminated because she mislabeled a patient chart, less than three weeks after she had made the same error and was disciplined for it. The mistake was a very serious one. Patient charts must be accurately labeled. If they are not, severe consequences might follow. For example, a patient whose chart is mislabeled might well receive the wrong blood type and be seriously harmed due to blood incompatibilities.

Defendant's decision to fire plaintiff for having mislabeled a file shortly after having been disciplined for having committed the same mistake is self-evidently reasonable. Moreover, plaintiff (who is African American) has presented no evidence to suggest that any white employee was treated more leniently under similar circumstances.[1]

---

[1] The record does establish that after plaintiff was fired, two other employees (one of whom is African American and the other of whom is white) mislabeled files on one occasion and were given a "First Written Warning." Neither of these employees, however, has committed a second act of mislabeling as did plaintiff.

Plaintiff also complains that she was harassed by her supervisor prior to her transfer to the position from which she was terminated. Specifically, she asserts that she was unfairly given a verbal warning and transferred in response to patient complaints that she believed had "racial tones." Whatever plaintiff believes may have motivated patients to complain about her, the record is clear that throughout her employment with defendant numerous complaints about her rudeness and argumentativeness were made by patients. There is no basis to infer from the evidence that defendant itself acted with racial animus when it counseled plaintiff to improve her customer service skills and to verbally reprimand her and ultimately transfer her when her performance did not improve.[2]

Finally, plaintiff asserts a common law claim for intentional infliction of emotional distress. Defendant is entitled to summary judgment on that claim because defendant's alleged conduct was not "extreme and outrageous" as required to support a claim for intentional infliction of emotional distress under Maryland law. *See Harris v. Jones,* 281 Md. 560 (1977); *Collier v. Ram Partners, Inc.*, 159 F. Supp. 2d 889, 902 (D. Md. 2001).

A separate order is being entered herewith.

---

[2] Plaintiff also alleges that her supervisor from time-to-time made comments reflecting a discriminatory animus. Specifically, she alleges that the supervisor (1) made an alleged comment that her husband "could still go;" (2) asked a question as to whether she knew any drug dealers; (3) made a comment when hearing her talk about trying to buy a new house that "let's see how far her money goes with this;" and (4) made a number of comments about the amount of hardware and accessories on her car. None of these comments on their face contained racial content. In any event, assuming that they could be construed as having racial overtones, they were not sufficiently pervasive or severe to constitute harassment or create a hostile work environment.

Date: September 8, 2003				/s/_____
							J. Frederick Motz
							United States District Judge