IN THE UNITED STATES DISTRICT COURT OF MARYLAND
NORTHERN DISTRICT

| | | |
|---|---|---|
| PATRICIA CLAUDE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. JFM-022511 |
| | * | |
| HARBOR HOSPITAL CENTER, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM IN SUPPORT**
**OF DEFENDANT'S BILL OF COSTS**

Pursuant to 28 U.S.C. §§ 1920 and 1924 and Rule 109.1 of the Rules of the United States District Court for the District of Maryland, Defendant Harbor Hospital, by its undersigned counsel, hereby submits this Bill of Costs.

**I. INTRODUCTION**

Harbor Hospital has submitted a Bill of Costs and an Affidavit itemizing the expenses Defendant incurred in the defense of this case. As stated in the Affidavit, the expenses identified in the Bill of Costs were necessarily incurred.

**II. COSTS ARE TO BE PROVIDED TO THE PREVAILING PARTY**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provide that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."

Costs incident to the taking of depositions are compensable under 28 U.S.C. § 1920(4) which allows a judge to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Herold v. Hajoca Corp., 864 F.2d 317, 322 (4th Cir. 1988), cert.

denied, 490 U.S. 1107 (1989).  See also 10 Charles A. Wright et. al, Federal Practice and Procedure, § 2676 at 337 (1983).  In determining whether costs for depositions are recoverable, a court should examine "the extent of the use of each deposition in pretrial motions, in cross examination and otherwise, and whether the taking of the deposition was reasonably necessary to the party's case in light of the particular situation existing at the time of taking."  Charter Medical Corp. v. Cardin, 127 F.R.D. 111, 113 (D. Md. 1989)(citations omitted).  See also LaVay Corporation v. Dominion Federal Savings and Loan Association, 830 F.2d 522, 528 (4th Cir. 1987) (district court should award costs when taking of deposition is reasonably necessary at time of the taking), cert. denied, 484 U.S. 1065 (1988).

    Copying costs are also available to the prevailing party.  Under the language of 28 U.S.C. § 1920(4), a judge may tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."

    Applying these principles, Harbor Hospital seeks reimbursement of its costs in the amount of $1,355.85.  $1,235.85 of this amount are costs for the taking of the depositions of Plaintiff Patricia Claude and witnesses Carol Lupinos, Lucy White, Timothy Shetterly, Dawn Hoffman, and Darlene Lawyer, as the testimony from these depositions was necessary to deciding the merits of the Motion for Summary Judgment.  In addition, Harbor Hospital adds to this amount $120.00 which are copying costs incurred for the submission of Defendant's Motion for Summary Judgment, Memorandum in Support thereof, and exhibits attached to the motions.

### III. CONCLUSION

Accordingly, Harbor Hospital respectfully requests that costs be taxed in its favor against Patricia Claude in the amount of $1,355.85.

Respectfully submitted,

/s/
_____
Bruce S. Harrison

/s/
_____
Fiona W. Ong

SHAWE & ROSENTHAL, LLP
20 S. Charles Street, 11th Flr.
Baltimore, Maryland  21201
(410) 752-1040
Attorneys for Defendant

Date:  September 18, 2003