IN THE UNITED STATES DISTRICT COURT OF MARYLAND
NORTHERN DISTRICT

| | | |
|---|---|---|
| PATRICIA CLAUDE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. JFM-02-2511 |
| | * | |
| HARBOR HOSPITAL CENTER, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Having chosen not to file an opposition to Defendant Harbor Hospital Center's Motion for Summary Judgment, Plaintiff now attempts to take another bite at the apple by filing a Motion for Reconsideration of this Court's Order granting that Motion. In support of her Motion, Plaintiff argues that there are disputed facts that preclude summary judgment. We respectfully submit that train has left the station and Plaintiff's Motion for Reconsideration should be denied.

**I.      DISCUSSION**

It is well-settled in this jurisdiction that "[a] motion for reconsideration is granted only in limited circumstances." *Microbix Biosystems, Inc. v. Biowhittaker, Inc.*, 184 F. Supp. 2d 434, 436 (D. Md. 2000). These circumstances are: (1) an intervening change in the controlling law

has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  *Id*.  None of the required circumstances exist here.  Rather, Plaintiff chose not to respond to a Motion in the only manner contemplated by the Federal Rules of Civil Procedure, our Local Rules, and this Court's scheduling order.

      Plaintiff's intentions are transparent.  She is attempting to file an opposition to the Motion for Summary Judgment by styling it a "Motion for Reconsideration."  In that motion, she offers ostensibly disputed facts and legal argument.  Her attempt to offer such "evidence," however, is untimely and should not be admitted, under the applicable standards of law.

      This Court has held that "[a] party failing to set forth evidence sufficient to defeat summary judgment may not later submit supplemental evidence purportedly demonstrating a dispute of material fact without legitimate justification as to why it failed to present that evidence during summary judgment proceedings.  *Gray-Hopkins v. Prince George's County*, 201 F. Supp. 2d 523, 525 (D. Md. 2002).  More specifically, "[a] motion to reconsider is not a license to reargue the merits or present new evidence."  *Royal Ins. Co. of Amer. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n. 1 (D. Md. 2001) (*citing RGI. Inc. v. Unified Indus., Inc.*, 963 F.2d 658 (4th Cir. 1992)); *Gray-Hopkins*, 201 F. Supp. 2d at 524-25.  As the Court in *Microbix Biosystems, Inc. v. Biowhittaker, Inc.*, 184 F. Supp. 2d 434, 436 (D. Md. 2000) stated, a motion to reconsider "cannot be used to raise arguments which could, and should, have been made before [the determination to be reconsidered] issued."  *Quoting Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

In her Motion for Reconsideration, Plaintiff offers no reason why her "evidence" and legal arguments were not proffered in a timely manner.* Without any legitimate justification, her Motion for Reconsideration must be denied. *See, e.g., RGI Inc.*, 963 F.2d at 662 (no reconsideration of summary judgment when Court found "no justified reason . . . shown why the additional material now presented was not presented earlier"); *Cray Communications, Inc. v. Novatel Computer Syst., Inc.*, 33 F.3d 390, 395 (4th Cir. 1994) (no reconsideration where party "provided no legitimate justification for failing to present" evidence during summary judgment proceedings); *Gray-Hopkins*, 201 F. Supp. 2d at 524 (no reconsideration of summary judgment where plaintiff did not provide legitimate explanation as to why she failed to set forth evidence before Court ruled on summary judgment); *Microbix Biosystems, Inc.*, 184 F. Supp. 2d at 437 n. 2 (Court struck "new evidence" because plaintiff failed to offer "any legitimate justifications for not presenting the evidence before summary judgment").

## II.    CONCLUSION

As demonstrated by the foregoing, Plaintiff's failure to oppose Harbor Hospital's Motion for Summary Judgment bars her Motion for Reconsideration. Accordingly, Harbor Hospital respectfully requests that this Court deny her Motion for Reconsideration. Should the Court decide to address the merits of her Motion, effectively allowing her submission

---

* The fact that a responsive pleading may not have been filed due to a failure on the part of Plaintiff's counsel makes no difference. As one court noted in denying a motion for reconsideration where the plaintiff's lawyer had failed to file an opposition to summary judgment, "a lawyer's ignorance or carelessness does not present cognizable grounds for relief from judgment." *Butler v. Sears Roebuck & Co.*, 2003 U.S. Dist. LEXIS 15234 * 12 (M.D.N.C. 2003) (*citing Evans. v. United Life & Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989).

of her opposition to the Motion for Summary Judgment, then Harbor Hospital requests that it be allowed to file a reply brief in support of its Motion for Summary Judgment.

                                                  Respectfully submitted,

                                                  /s/
                                       _____
                                       Bruce S. Harrison

                                                  /s/
                                       _____
                                       Fiona W. Ong

                                       SHAWE & ROSENTHAL, LLP
                                       20 S. Charles Street, 11th Flr.
                                       Baltimore, MD  21201
                                       (410) 752-1040
                                       Attorneys for Defendant

October 2, 2003

87198.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Reconsideration was electronically filed this 2nd day of October, 2003. In the event counsel for Plaintiff is not registered with the Court for service electronically, a paper copy will be mailed on October 2, 2003, via first-class mail, postage prepaid, to:

>  Norris Ramsey, Esquire
>  2122 Maryland Avenue
>  Baltimore, MD  21218

/s/
_____
Bruce S. Harrison